IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHARLES E. ALEXANDER/RYAHIM, JR.,**          **PLAINTIFF**
**ADC # 111057**

V.                    No. 5:11CV00133 DPM/BD

**RAY HOBBS,** *et al.*                       **DEFENDANTS**

**PARTIAL RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

The following Partial Recommended Disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

II. **Background**:

Plaintiff Charles Alexander/Ryahim, Jr., an Arkansas Department of Correction inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that Defendants Hobbs, Straughn, Manus, Woods, King, Campbell, and Brownlee retaliated against him for exercising his first amendment rights. In addition, Mr. Alexander/Ryahim states that Defendant Brownlee "is also being sued based on the claim of violation of usage of an unconstitutional parole board through discriminatory acts." (#1 at p.4)

The Court has determined that Mr. Alexander/Ryahim stated a retaliation claim against Defendants Hobbs, Straughn, Manus, Woods, King, Campbell, and Brownlee. His allegation, however, that Defendant Brownlee is liable based on the discriminatory acts of the parole board does not state a claim for relief. Therefore, that claim should be DISMISSED.

III. **Analysis**:

Mr. Alexander/Ryahim seeks to hold Mr. Brownlee liable based on discriminatory acts of the parole board and Mr. Brownlee's failure to file an "Actual Innocence Post Transfer Parole Board Application." (#1 at p.12) The Eighth Circuit Court of Appeals has consistently held that "parole board members are absolutely immune from suit when considering and denying parole questions." *Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006) (internal citation omitted). Mr. Alexander/Ryahim clearly and specifically

challenges Mr. Brownlee's conduct in refusing to file his Application before the parole board. Because Mr. Brownlee is immune from liability, this claim should be dismissed.[1]

**IV.    Conclusion:**

The Court recommends that Mr. Alexander/Ryahim's claim against Mr. Brownlee be DISMISSED with prejudice.

DATED this 6th day of July, 2011.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Although Mr. Alexander/Ryahim states that this claim is "not a disguise post-conviction attack," he also explains that he was attempting to file his Application before the parole board "in a last attempt to overturn an unlawful commitment." (#1 at pp.9 & 13) Because the resolution of this issue could impact the lawfulness of the State's custody, such a claim must be asserted in a habeas action. See *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S.Ct. 1242 (2005) (state prisoners may use only habeas remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody).