# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**CHARLES E. ALEXANDER/RYAHIM, JR.,**                            **PLAINTIFF**
**ADC # 111057**

V.                    No. 5:11CV00133 DPM/BD

**RAY HOBBS,** *et al.*                                                                  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

       Clerk, United States District Court
       Eastern District of Arkansas
       600 West Capitol Avenue, Suite A149
       Little Rock, AR 72201-3325

## II. Background:

Plaintiff Charles Alexander/Ryahim, Jr., an Arkansas Department of Correction inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that Defendants Hobbs, Straughn, Manus, Woods, King, Campbell, and Brownlee retaliated against him for exercising his First Amendment rights. Specifically, he claims that the Defendants violated the terms of a settlement agreement reached in another civil lawsuit.

Defendants have now moved for summary judgment on Mr. Alexander/Ryahim's claims arguing that: they are entitled to sovereign immunity on claims for money damages against them in their official capacities; Mr. Alexander/Ryahim failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act; they are entitled to qualified immunity; and Mr. Alexander/Ryahim's claims fail as a matter of law.[1] (Docket entry #179) Mr. Alexander/Ryahim has now submitted a lengthy response to the motion. (#191)

Based on the undisputed evidence presented, the Court recommends that the Defendants' motion for summary judgment (#179) be GRANTED.

---

[1] Because Mr. Alexander/Ryahim named the Defendants in their individual capacity only, the Court will not address the Defendants' sovereign immunity argument. (#1 at p.2) Further, because the Court finds that Mr. Alexander/Ryahim's claims fail as a matter of law, the Court will not address the Defendants' qualified immunity argument.

**III.  Analysis:**

    A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When a plaintiff cannot come forward with enough evidence to establish a necessary element of her claim, the moving party is entitled to judgment as a matter of law on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

    B.    Exhaustion

Before prisoners can file a lawsuit under 42 U.S.C. § 1983, they must first exhaust all "available" remedies. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one

that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

It does not matter that the prisoner subjectively believed that there was no point in pursuing his administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001). If exhaustion is not complete when the lawsuit is filed, the Court must dismiss all claims that were not exhausted on the date the lawsuit was filed. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001). That is not the case here.

Defendants argue that Mr. Alexander/Ryahim failed to exhaust his administrative remedies because he did not include the facts giving rise to this lawsuit in any fully exhausted grievance; nor did he identify each of the named Defendants in either of his fully exhausted grievances.

In their brief, however, Defendants admit that Mr. Alexander/Ryahim mentioned each of the Defendants by name in either one or both of his two fully exhausted grievances, CU-09-0075 and MX-11-00130. In addition, they explain that in grievance

CU-09-0075, Mr. Alexander/Ryahim complains that "he is being retaliated against in order to keep him from being housed at Varner Super Max pursuant to a settlement agreement in a prior case." (#180 at p.7) Moreover, in grievance MX-11-00130, he complains that each of the named Defendants acted in concert to violate the terms of the prior settlement agreement and to prevent him from receiving a hearing before the Parole Board. (#179-8 at p.1)

The Defendants' argument is unpersuasive. Because Mr. Alexander/Ryahim fully exhausted his claims against each named Defendant, they are not entitled to summary judgment on that ground.

C.     Failure to State a Claim

To establish a prima facie case for retaliation, Mr. Alexander/Ryahim must show that: he exercised a constitutionally protected right; prison officials disciplined him; and his exercise of a protected right was the motivation for the discipline. *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). Mr. Alexander/Ryahim bears a heavy evidentiary burden to establish a prima facie case. *Id*. (citing *Murphy v. Mo. Dept. of Corr.*, 769 F .2d 502, 503 n. 1 (8th Cir. 1985)). He must come forward with more than a bare allegation that an act was retaliatory. *Id*. (citing *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985)).

Here, Mr. Alexander/Ryahim claims that Defendants retaliated again him by transferring him to the Cummins Unit of the ADC in violation of a settlement agreement,

and by not acknowledging the receipt of his Parole Board Post Prison Transfer Application.

The Settlement Agreement at issue provides that, if Mr. Alexander/Ryahim "remains disciplinary free for 30 days after he begins his incarceration in the VSM Administrative Segregation Unit, he will be eligible for immediate transfer to the Tucker Max Security Unit, where he will be placed in a one prisoner cell." (#179-9 at p.2) The undisputed evidence reveals that from April 21, 2008 (the date that the settlement agreement was signed) until August 9, 2008, Mr. Alexander/Ryahim received five major disciplinary charges at the Varner Supermax Unit. (#183-1 at p.1) Each of these disciplinary convictions was supported by either a staff member's report or eye witness testimony. (#183-1 at pp.8, 11, 14, 17, and 20) See *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) ("[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker"). Therefore, Mr. Alexander/Ryahim cannot credibly claim that he was transferred in retaliation for exercising his first amendment rights.

Further, the undisputed evidence also reveals that Mr. Alexander/Ryahim's Parole Board Post Prison Transfer Application was returned to him because it had been altered. (#179-5 at p.2, #179-6 at p.2) Because Mr. Alexander/Ryahim has failed to present any evidence showing that his Parole Board Post Transfer Application was returned in

6

retaliation for exercising his first amendment rights, he has failed to create a material question of fact on this issue, and the Defendants are entitled to judgment as a matter of law.

## IV.     Conclusion:

The Court recommends that the motion for summary judgment (#179) be GRANTED and that Mr. Alexander/Ryahim's claims be DISMISSED, with prejudice.

DATED this 21st day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE